**UNITED STATES BANKRUTPCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION AT MEMPHIS**

IN RE:  MJ AUTO CENTER, LLC                                                      Case Number 21-23000

    Debtor                                                                                         Chapter 11

**Objection of Simmons Bank to Confirmation of Debtor's Plan of Organization**

Simmons Bank, a creditor in this case, hereby objects to the confirmation of the Debtor's Plan of Reorganization dated October 6, 2021 (Document Number 27 in this Court's filing system) on the following basis:

    1.    MJ Auto Center, LLC (the "Debtor") commenced this case on September 20, 2021.

    2.    On October 13, 2021, the Debtor filed its Debtor's Plan of Reorganization dated October 6, 2021 (Document 27)(the "Plan").

    3.    Simmons Bank (the "Bank") filed its proof of claim with this Court as Claim 7. The Bank is the holder of a secured claim, as it has a first-priority deed of trust (the "Deed of Trust") on the Debtor's property located at 6400 E. Shelby Drive, Memphis, Tennessee (the "Property"). A true copy of the Deed of Trust is attached as part of its proof of claim and is hereby incorporated by reference into this objection.

    4.    The Bank's Deed of Trust, at the top of page 6, contains the Debtor's agreement to pay the Bank's reasonable attorney's fees and expenses. Other loan documents of the Debtor with the Bank pertaining to the indebtedness contain similar provisions.

5.      The Deed of Trust, starting in the middle of page 2, requires the Debtor to pay when due all property taxes on the Property and to provide to the Bank upon demand satisfactory evidence of such payment of property taxes.

6.      The Deed of Trust, starting at the bottom of page 2, requires the Debtor to maintain property and casualty insurance on the improvements on the Property.

7.      The Bank is an over-secured creditor of the Debtor. As of the date of the commencement of this case, the Bank was owed $254,766.66, as set more in detail in the Bank's filed proof of claim. As of the date of the commencement of this case, the Bank held a first-priority lien on the Property under its Deed of Trust. The Bank believes, based on an appraisal of the Property, that the value of its collateral is $360,000.

8.      The Bank objects to the Plan on the following basis:

(a)     Section 1.24 of the Plan appears to contain a typo, as it refers in the last sentence to the "Holder" of the Class 2 and Class 3 claims being the Series A Trustee and the Series B Trustee. To avoid any confusion, the last sentence should be deleted in Section 1.24.

(b)     Section 3.1 regarding the Bank's claim states that Simmons Bank has a claim for $254,766.66. The amount of the claim should include not only the amount set forth in the Bank's claim as of the date of the filing of the bankruptcy, but also all post-petition interest and post-petition reasonable attorney's fees and other expenses, as the Bank is an over-secured creditor and the provisions of Section 506(b) of the Bankruptcy Code expressly permits such amounts to be included in the claim. Further, the Plan provides that the Debtor will make payments of $1,888.60 per month. The Bank is unsure what the $1,888.60 represents, as the Debtor's current monthly payments under its loan are $2,290.31 and its loan matures on September 15, 2023.

Moreover, if one assumes that the Plan is a five-year plan (it is not clear in the Plan how long it will remain in effect), the Plan will need to pay monthly amortized payments of $4,925.35 in order to pay in full the Bank's claim (without taking into account post-petition reasonable attorney's fees and expenses) over a five-year period. In short, the payment amount shown in the Plan makes no sense. Therefore, the Bank objects to the confirmation of the Plan unless Section 3.1 is modified to contain language substantially similar to the following:

> "3.1  Claim 1: Allowed Secured Claim of Simmons Bank. Simmons Bank shall have an Allowed Secured Claim in the amount of $254,766.66, plus any post-petition reasonable attorney's fees and expenses not in excess of $105,233.34 (the amount by which Simmons Bank is over-secured). Interest at 6% per annum shall accrue on such claim from the commencement of this case until the principal balance is paid in full. The claim shall be paid to Simmons Bank in the following manner:
>
>   (i)   On the 1st day of the month following the Distribution Date (the "1st Payment Date"), the Debtor shall pay all accrued interest from the commencement of the case until the date that is 31 days prior to such 1st Payment Date, plus an equal amortized monthly installment of principal and interest (with the interest starting to accrue on the 30 day prior to the 1st Payment Date), based on a term of 60 consecutive months; and
>
>   (ii)  On the 1st day of each consecutive month thereafter after the 1st Payment Date, the Debtor shall pay an amortized monthly installment of principal and interest in the same amount as the first amortized installment made on the 1st Payment Date," for a total of 59 payments.
>
>   (iii) In any event, Simmons Bank's claim shall be paid in full not later than five (5) years after the 1st Payment Date.
>
> Any failure of the Debtor to make a payment to Simmons Bank within ten (10) calendar days after the due date (namely, the 1st day of the month) shall be considered a material default under and non-compliance with the terms of this Plan."

9.  The Bank further objects to the confirmation of the Plan to the extent that the Plan discharges, releases, or otherwise affects the lien of the Deed of Trust on the Property or discharges the Debtor's obligations under the Deed of Trust to pay property taxes and maintain insurance coverage on the Property. Absent the property taxes being paid and the insurance coverage being

in effect, Simmons Bank would not be adequately protected under the terms of the Plan, as its security interest in the Property would be jeopardized. Therefore, the Bank requests that the following new Sections 10.5 and 10.6 be added to the Plan:

> "10.5 <u>No Release of Simmons Bank's Lien</u>. Notwithstanding any provisions in this Plan to the contrary, nothing in this Plan shall discharge, release, affect the priority of, modify or otherwise affect the lien of Simmons Bank on the Debtor's property located at 6400 E. Shelby Drive, Memphis, Tennessee (the "Property") under the Simmons Bank's Deed of Trust recorded as Instrument Number 18097232 in the Register's Office of Shelby County, Tennessee. Should the Debtor fail to comply with the terms of this Plan, Simmons Bank shall be free at any time to exercise all remedies against the Property described in Simmons Bank's Deed of Trust, including foreclosure on such Property, and upon such default, any and injunctions and stays in effect under this Plan and/or the applicable provisions of the Bankruptcy Code shall be deemed automatically lifted without any further or other order of the Bankruptcy Court.
>
> 10.6 <u>Debtor's Payment of Property Insurance and Taxes</u>. The Debtor shall provide to Simmons Bank prior to the Effective Date satisfactory proof that the Debtor has in full force and effect, with insurance premiums paid for not less than one-year in advance, property and casualty insurance covering all improvements on the Property for full replacement value with a reputable insurance company licensed to conduct business in the State of Tennessee. During the entire term of the Plan, the Debtor shall provide to Simmons Bank, on or before each anniversary date of the Effective Date, proof that such property and casualty insurance is still in full force and effect for the coming year, with premiums paid for not less than one-year in advance. The property and casualty insurance so maintained by the Debtor shall comply in all respects with the insurance provisions in the Deed of Trust given by the Debtor on the Property for the benefit of Simmons Bank and shall provide an endorsement requiring the insurance company to provide not less than 30 days' advance notice to Simmons Bank in the event of cancellation or non-renewal of the policy. For each tax year starting after 2021, the Debtor shall pay in full before delinquency all real property taxes (both city and county) on the Property and shall provide to Simmons Bank proof upon its demand that such property taxes have been paid. Should the Debtor fail to comply with any of the provisions in this Section 10.6 (by not providing proof of insurance as required above or by not providing proof of payment of property taxes upon the demand of Simmons Bank), such non-compliance shall be considered a material default under this Plan and Simmons Bank shall have the right to immediately exercise all remedies against the Property described in Simmons Bank's Deed of Trust, including foreclosure on such Property; and upon such default, any and injunctions and stays in effect under this Plan and/or the applicable provisions of the Bankruptcy Code shall be deemed automatically lifted without any further or other order of the Bankruptcy Court."

WHEREFORE, Simmons Bank objects to the confirmation of the Plan unless it is amended to conform with the objections detailed above.

        Respectfully Submitted,

        The Winchester Law Firm, PLLC
        Attorneys for Simmons Bank

By: /s/JOHN D. HORNE
        John D. Horne (#4815)
        Mark J. Grai (#12091)
        6060 Poplar Avenue, Suite 295
        Memphis, Tennessee 38119
        T: (901)685-9222
        F: (901)685-9260
        E-mail: jhorne@winchesterlawfirm.com
                 mgrai@winchesterlawfirm.com

## Certificate of Service

I, Mark J. Grai, hereby certify this 21st day of October, 2021, service of a true and exact copy of the foregoing by electronic means to all parties listed on the matrix and, further, that a true and exact copy of the foregoing was mailed via first-class U.S. mail, postage prepaid, to the following:

MJ Auto Center, LLC
6400 E. Shelby Drive
Memphis, Tennessee 38141

Carrie Ann Rohrsheib
U.S. Trustee
Office of the U.S. Trustee
One Memphis Place
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103

John Edward Dunlap
Attorney at Law
3340 Poplar Avenue, Suite 320
Memphis, Tennessee 38111

        /S/Mark J. Grai